UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. TAYLOR and VICTORIA P. ENRIQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; FUTURE FORD, INC., a California Corporation, dba FUTURE FORD LINCOLN; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:18-cv-03225-MCE-AC<br><br>**ORDER** |

Through this action, California residents George Taylor and Victoria Enriquez (collectively "Plaintiffs") seek damages from Ford Motor Company ("Ford") and Future Ford, Inc., dba Future Ford of Lincoln ("Future Ford") (collectively, "Defendants") stemming from Plaintiffs' purchase of an allegedly defective vehicle. Defendants removed this action from the Placer County Superior Court on December 18, 2018, contending this Court had jurisdiction pursuant to 28 U.S.C. § 1332 on the basis that Future Ford, a California Corporation, was fraudulently joined for purposes of defeating diversity. ECF No. 1 at 6–7. Plaintiffs, in turn, argue that removal was improper because Future Ford is a viable Defendant in this matter, and as such, diversity is not

1

established for purposes of this Court having jurisdiction. Plaintiffs move to remand their lawsuit back to state court where it originated, and additionally request attorney's fees associated with having to file their motion. See ECF No. 12.

In response to Plaintiffs' motion, Defendants filed a Statement of Non-Opposition conceding that remand is appropriate but also contending that a reasonable basis existed for asserting fraudulent joinder of non-diverse Future Ford at the time of removal. ECF No. 16 at 2. The Court agrees that Defendants' removal of this matter was ultimately improper, such that remanding this action back to the state court is necessary. However, the Court also declines to award attorney's fees incurred as a result of the removal, as requested by Plaintiffs. An award of attorney's fees under § 1447(c) is discretionary and may be rejected where a defendant had at least a reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, given that most of Plaintiffs' factual allegations are levied against Ford specifically, as opposed to the general allegations pertaining to Future Ford, the Court does not believe that the imposition of attorney's fees is warranted.

Accordingly, Plaintiffs' Motion to Remand (ECF No. 12) is GRANTED. Plaintiffs' request for attorney's fees they incurred in conjunction with the motion, however, is DENIED. Consequently, Defendants' Motion for Judgment on the Pleadings (ECF No. 7) is DENIED without prejudice as moot. The Clerk of the Court is directed to remand this action to the Placer County Superior Court and to close the case.[1]

IT IS SO ORDERED.

Dated: April 8, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).